United States District Court
Southern District of Texas
**ENTERED**
September 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Laure Eboh Elage, *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-25-6130 |
| | § | |
| United States Citizenship and Immigration Service, et al., *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION AND ORDER

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 5. Pending before the court are (1) Defendants' Motion to Dismiss under Rule 12(b)(6), ECF No. 15; (2) Defendants' Motion to Dismiss for Mootness, ECF No. 21; (3) Defendants' Amended Motion to Dismiss for Mootness, ECF No. 22; and (4) Plaintiff's Motion for Leave to File a Short Sur-Reply in Opposition to Defendants' Motion to Dismiss for Mootness, ECF No. 28.

Defendants' Motion to Dismiss for Mootness, ECF No. 21, is **TERMINATED AS MOOT**.

Plaintiff's Motion for Leave to File a Short Sur-Reply in Opposition to Defendants' Motion to Dismiss for Mootness, ECF No. 28, is **GRANTED**.

The court recommends that Defendants' Amended Motion to Dismiss for Mootness, ECF No. 22, be **GRANTED**, and that Defendants' Motion to Dismiss under Rule 12(b)(6), ECF No. 15, be **DENIED AS MOOT**. The court further recommends that this case be **DISMISSED WITHOUT PREJUDICE**.

### *1. Background*

United States Citizenship and Immigration Services (USCIS) approved Plaintiff Laure Eboh Elage's application for lawful permanent resident (LPR) status on or about July 22, 2025. ECF No. 1 at 3. About a week later, after Plaintiff paid the required fees, USCIS mailed Plaintiff's LPR Card (Green Card) to her home address in Spring, Texas, via the United States Postal Service (USPS). *Id.* USPS marked the Card as delivered on or about August 2, 2025, but Plaintiff did not receive it. *Id.* No signature confirmation or other proof of delivery exists. *Id.*

Between August and September 2025, Plaintiff made several attempts to locate her missing Green Card. She contacted the USCIS Contact Center, visited her local post office, initiated a USPS Missing Mail Search, and sent demand letters to USCIS and Department of Homeland Security (DHS) offices. ECF No. 1 at 3–4. Plaintiff filed an Application to Replace Permanent Resident Card (Form I-90), but it was rejected by USCIS. *Id.* at 4. According to Plaintiff, USCIS demanded that she submit a declaration that the original Card had been "lost, stolen, or destroyed" and pay a fee for its reissuance. *Id.* at 2–4. Plaintiff refused to submit the declaration, as she asserts that it would have been false. *Id.* at 5. Plaintiff also refused to pay any additional fees. *Id.* Plaintiff states that the lack of physical proof of her LPR status prevented her from traveling and from obtaining employment, healthcare, photo identification, and education, resulting in financial loss and emotional distress, particularly during her pregnancy. *Id.* at 4.

On December 18, 2025, Plaintiff filed this lawsuit against USCIS and DHS. ECF No. 1. Plaintiff's Complaint raises three claims for relief. *Id.* at 4–5. Count I, under the Administrative Procedure Act (APA), 5 U.S.C. § 706(1), alleges that USCIS unlawfully withheld agency action when it refused to re-issue the card without payment of an additional fee. *Id*. at 5. Count II seeks

mandamus relief under 28 U.S.C. § 1361, compelling Defendants to issue and deliver a replacement permanent resident card without payment of an additional fee. *Id.* Count III alleges that Defendants violated the Due Process Clause of the Fifth Amendment. *Id.* As to relief, Plaintiff seeks: (1) a writ of mandamus requiring USCIS to reissue the card without an additional fee and deliver it through a secure, traceable method requiring an adult signature as proof of delivery; (2) declaratory judgment that Defendants violated the APA and the Fifth Amendment; and (3) preliminary and permanent injunctive relief prohibiting the imposition of additional fees and prohibiting Defendants from taking any retaliatory actions that may affect the immigration status, past or present, of Plaintiff and the members of her immediate family. *Id.* at 6. The Complaint states that Plaintiff does not seek monetary relief in this action and instead reserves any such claims for separate administrative process under the Federal Tort Claims Act. *Id.*

On March 9, 2026, Defendants moved to dismiss this case under Rule 12(b)(6), or alternatively for summary judgment. ECF No. 15. Defendants argued that Plaintiff's APA and mandamus claims fail because USCIS has no clear, nondiscretionary duty to ensure successful delivery of the card. *Id.* They also argued that Plaintiff did not identify a protected interest sufficient to support her Fifth Amendment Due Process claim. *Id.* Plaintiff opposed the motion, arguing that she primarily sought equitable relief concerning USCIS's handling of the non-delivery of the Green Card, and the agency's months-long refusal to provide her with usable proof of her LPR status. ECF No. 18 at 5.

USCIS later mailed Plaintiff a replacement Green Card without requiring her to pay an additional fee or to submit a sworn declaration that the Card was lost, stolen, or destroyed. ECF No. 22. On March 24, 2026, Plaintiff confirmed, via email, that

she had received her replacement Green Card. ECF No. 22-1. Defendants then filed a Motion to Dismiss for Mootness under Rule 12(b)(1), arguing that Plaintiff's receipt of the replacement Green Card rendered this action moot. ECF No. 21. Later the same day, Defendants filed their Amended Motion to Dismiss for Mootness. ECF No. 22. In response, Plaintiff asserted that receipt of the Card did not fully resolve the case because she is challenging USCIS's prior conduct and the alleged resulting harms. ECF No. 23. She argued that declaratory, equitable, and monetary relief remain available. *Id.* at 2, 4. Additionally, she asserted that her claims are not barred as moot because the voluntary cessation doctrine applies. *Id.* at 3–5.

On reply, USCIS argued that monetary relief is not allowed under the Mandamus Act, the APA, or the Due Process Clause. ECF No. 25 at 1. It also argued that the voluntary cessation doctrine does not apply because Plaintiff failed to identify a binding regulation requiring USCIS to use a secure delivery method for mailing Green Cards. *Id*. at 2.

Two weeks later, Plaintiff moved for leave to file a sur-reply. ECF No. 28. In her sur-reply, Plaintiff clarified that she seeks only non-monetary relief against USCIS. ECF No. 28-1 at 4–7.

***2. Legal Standard***

A court may dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Subject-matter jurisdiction is a threshold inquiry that must be resolved before the court considers whether the complaint states a claim under Rule 12(b)(6). *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). If jurisdiction is lacking, the court generally may not proceed to evaluate the legal sufficiency of the pleadings. *Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021).

Federal courts' subject matter jurisdiction extends "only to 'Cases' and 'Controversies.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) (quoting U.S. CONST. art. III § 2). A case becomes moot, and therefore no longer presents a case or controversy, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation omitted). The issues presented are no longer 'live' when "a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time . . . ." *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988) (citing *Matter of S.L.E. Inc.,* 674 F.2d 359, 364 (5th Cir. 1982)). "If a controversy is moot, the trial court lacks subject matter jurisdiction over it." *Carr v. Saucier*, 582 F.2d 14, 15–16 (5th Cir. 1978). And if a court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

***3. Mootness and Voluntary Cessation***

The court considers whether Plaintiff's receipt of her Green Card mooted her claims, thereby depriving the court of subject matter jurisdiction. The court must separately consider mootness as to each form of relief sought. *See Morehouse v. Jackson*, 614 F. App'x 159, 163 (5th Cir. 2015) ("Mootness turns on the particular forms of relief requested by the parties.").

***A. Mandamus Act***

Plaintiff seeks a writ of mandamus, pursuant to 28 U.S.C. Section 1361. ECF No. 1 at 6. The Mandamus Act confers jurisdiction on federal courts to compel an officer or employee of the United States to perform a duty owed to a plaintiff. 28 U.S.C. § 1361. Requests for mandamus relief are generally "moot when the event sought to be compelled has occurred." *Gharamaleki v. Blinken*, No. 23-3119, 2024 WL 4354705, at *2 (S.D. Tex. Sep. 30,

2024) (citing *Pedrozo v. Clinton*, 610 F. Supp. 2d 730, 734 (S.D. Tex. 2009)).

Plaintiff asks the court to compel Defendants to reissue her Green Card at no cost to her, and to deliver the Card via a secure, traceable method requiring an adult signature. ECF No. 1 at 6. After filing her Complaint, Plaintiff confirmed that she had received a reissued permanent resident card from USCIS. ECF No. 22-1 at 1. USCIS did not require Plaintiff to pay additional fees for the reissued card. ECF No. 25 at 2. Because Plaintiff has already received her Green Card, her request for mandamus relief is moot. The court lacks subject matter jurisdiction over Plaintiff's Mandamus Act claim.

### *B. Declaratory Relief Under the APA and the Due Process Clause of the Fifth Amendment*

Plaintiff seeks declaratory judgment under the APA and the Due Process Clause of the Fifth Amendment. Under the APA, Plaintiff seeks declaratory relief that Defendants' unlawfully withheld action by refusing to reissue her Green Card without payment of an additional fee. ECF No. 1 at 6. Plaintiff also seeks a declaration that Defendants' policy and practice violate the Due Process Clause of the Fifth Amendment. *Id.*

A declaration constitutes meaningful judicial relief only if it settles a live dispute "which affects the behavior of the defendant towards the plaintiff." *Hewitt v. Helms*, 482 U.S. 755, 761 (1987). When intervening events make it impossible for the requested declaration to affect the defendant's behavior toward the plaintiff, the claim no longer presents a live Article III controversy. *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988). The federal courts are prohibited from issuing declaratory relief if there is no ongoing violation of law and no concrete threat of a future violation. *Green v. Mansour*, 474 U.S. 64, 73–74 (1985). In other words, the federal courts

cannot issue a declaration merely to state that the defendant acted unlawfully in the past. *Id.*

USCIS reissued Plaintiff's Green Card, and Plaintiff received the Card. ECF No. 22-1. Although Plaintiff alleges that the delay caused her to be unable to obtain employment and pregnancy-related medical care, the fact that she suffered those injuries in the past does not entitle her to declaratory relief. Plaintiff does not plead facts sufficient to suggest that she suffers a continuing injury. There are no continuing legal consequences or refusals to act. There is no ongoing application of the challenged policy to Plaintiff. There is no present dispute that the requested declarations would resolve. Therefore, a declaration that Defendants previously violated the APA or the Due Process Clause would neither affect Defendants' present conduct toward Plaintiff nor alter the parties' current legal relationship. It would merely adjudicate whether Defendants' past conduct was unlawful, which would amount to an impermissible advisory opinion. Accordingly, because the requested declarations would provide no practical or effectual relief, Plaintiff's requests for declaratory relief under the APA and the Due Process Clause of the Fifth Amendment are moot.

### *C. Injunctive Relief*

Plaintiff seeks preliminary and permanent injunctive relief against Defendants on two separate grounds. ECF No. 1 at 6. Both requests for injunctive relief fail.

The Fifth Circuit has "consistently found that a request for injunctive relief is moot when the event sought to be enjoined has occurred." *S. Plains Switching Co. v. Surface Transp. Bd.*, 271 F. App'x 465, 466 (5th Cir. 2008) (quoting *Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Eng'rs*, 217 F.3d 393, 396 (5th Cir. 2000)). A plaintiff seeking prospective injunctive relief must demonstrate a

"real and immediate"—rather than "conjectural" or "hypothetical"—threat of future injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 105–06 (1983). Without continuing adverse effects, past exposure to allegedly unlawful conduct does not establish a present controversy. *Id.* at 102 (citing *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)). "The emotional consequences of a prior act simply are not a sufficient basis for an injunction absent a real and immediate threat of future injury by the defendant." *Id.* at 107 n.8.

Plaintiff seeks injunctive relief prohibiting Defendants from requiring her to make an additional payment for reissuance of her Green Card. ECF No. 1 at 6. Because USCIS has already reissued Plaintiff's card without requiring her to make an additional payment, she is not entitled to injunctive relief on that basis.

Plaintiff also seeks injunctive relief prohibiting Defendants from "denying, delaying, or otherwise adversely acting upon any current or future immigration benefit sought by Plaintiff or her immediate family members because of this action." ECF No. 1 at 6. There is no evidence or allegation that the Defendants might engage in retaliatory action or adverse treatment, or that they might cause a future injury concerning the immigration status of Plaintiff or her family members, or some immigration benefit they may one day seek. The requested injunction would therefore address only hypothetical future conduct and would not remedy any present, real, and immediate injury arising from the dispute before the court. Plaintiff is not entitled to injunctive relief on this basis. Plaintiff's request for injunctive relief is moot.

### *D. Voluntary Cessation Doctrine*

Plaintiff argues that USCIS's post-filing compliance does not moot her claims because the voluntary cessation doctrine applies. ECF Nos. 23 at 3, 28-1 at 4–7.

A defendant does not always moot a case simply by "suspending its challenged conduct after it is sued." *FBI v. Fikre*, 601 U.S. 234, 235 (2024) (quoting *Already*, 568 U.S. at 91). "[A] defendant's 'voluntary cessation of a challenged practice' will moot a case only if the defendant can show that the practice cannot 'reasonably be expected to recur.'" *Id.* at 241 (quoting *Friends of the Earth v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). The defendant bears the "formidable burden" of establishing that it cannot be reasonably expected to resume the challenged practice. *Id.* at 243 (citations omitted).

Plaintiff relies on the Supreme Court's 2024 decision in *Fikre* to support her argument that the government's decision to reissue her Green Card did not moot her claims. ECF No. 28-1 at 5. In *Fikre*, the government voluntarily removed the plaintiff from the No-Fly List after he initiated suit. 601 U.S. at 234. The government argued that it was not likely to place the plaintiff back on the No-Fly List. *Id.* at 242. It provided a declaration that "based on the currently available information," the plaintiff would not be placed back on the List, and it pointed to the fact that it had not placed the plaintiff back on the List over the course of the nearly nine years that the case was pending. *Id.* at 242–43. The Supreme Court held that the evidence was insufficient to show that it would not, at some point in the future, place the plaintiff back on the List. *Id.* at 243. Accordingly, the court held that the government's voluntary, post-lawsuit removal of plaintiff from the List did not moot plaintiff's claims. *Id.* at 243–44.

Plaintiff's reliance on *Fikre* is misplaced. Unlike removal from the No-Fly List—which left the government free to relist the plaintiff based on similar conduct in the future—USCIS's issuance and delivery of Plaintiff's replacement Green Card completed the discrete relief that Plaintiff sought. Plaintiff received her Green Card, and the receipt of that Card cannot be undone or repeated. The is no likelihood that the same or similar set of circumstances will recur in the future.

Plaintiff argues that USCIS might make the same "false-declaration demand" of the "next person in Plaintiff's identical situation," and that USCIS's failure to implement a secure-mail practice means there is a risk of recurrence in the future. ECF No. 28-1 at 6. However, under Article III, a plaintiff generally may not rest her claim on the legal rights or interests of third parties. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Plaintiff's arguments do not establish a reasonable likelihood that Plaintiff *herself* will again suffer the challenged conduct.

USCIS has established that its allegedly wrongful behavior of failing to reissue Plaintiff's Green Card cannot reasonably be expected to recur. Because Plaintiff's claims are moot, and because USCIS's alleged wrongful conduct cannot reasonably be expected to recur, the court lacks subject matter jurisdiction over Plaintiff's claims. The court therefore recommends that Defendants' Motion to Dismiss under Rule 12(b)(1), ECF No. 22, be **GRANTED**.

Because the court concludes that it lacks subject-matter jurisdiction over Plaintiff's claims, the court does not reach Defendants' alternative arguments under Rule 12(b)(6). Accordingly, the court recommends that Defendants' Motion to Dismiss under Rule 12(b)(6), ECF No. 15, be **DENIED AS MOOT**.

***4. Monetary Relief***

The operative Complaint states that Plaintiff does not seek monetary relief. ECF No. 1 at 6. Additionally, in her sur-reply, Plaintiff reiterated that she seeks only non-monetary relief in the instant action. ECF No. 28 at 3. However, Plaintiff's Response to Defendants' Motion to Dismiss under Rule 12(b)(1) references monetary relief. ECF No. 23 at 2, 4.

Plaintiff has not properly raised a claim for monetary relief. A claim for relief that is raised for the first time in opposition to a motion to dismiss is not properly before the court, and a response to a motion to dismiss does not amend the operative complaint. *See Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005). Because no claim for monetary relief is before the court, the court does not address whether Plaintiff would be entitled to such relief.

***5. Any Request for Leave to Amend is Denied***

"Dismissing an action after giving the plaintiff only one opportunity to state [their] case is ordinarily unjustified." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). If the plaintiff seeks leave to amend, she "must give the court at least some notice of what . . . her amendments would be and how those amendments would cure the initial complaint's defects." *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (citation omitted). The court may deny leave "[i]f the plaintiff does not provide a copy of the amended complaint [or] explain how the defects could be cured[.]" *Id.* (citation omitted). The court may also deny leave to amend when amendment would be futile or when the plaintiff chooses to stand on her complaint and argues that it satisfies the pleading requirements. *See Khoury v. Thota*, No. 20-20578, 2021 WL 3919248, at *4 (5th Cir. 2021) (affirming the

district court's denial of leave to amend when the plaintiff chose to stand on his complaint and argued that it satisfied the pleading requirements); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (discussing futility of amendment as justification for denying leave to amend).

Here, Plaintiff has not requested leave to amend her complaint. She did not submit a proposed amended complaint, nor did she explain how any amendments would preserve a live controversy after receipt of her replacement Green Card. Because no proposed amendment would cure the mootness of Plaintiff's claims, amendment would be futile. Accordingly, any request for leave to amend Plaintiff's complaint is **DENIED**.

***6. Conclusion***

Defendants' Motion to Dismiss for Mootness, ECF No. 21, is **TERMINATED AS MOOT**. Plaintiff's Motion for Leave to File a Short Sur-Reply in Opposition to Defendants' Motion to Dismiss for Mootness, ECF No. 28, is **GRANTED**.

The court recommends that Defendants' Amended Motion to Dismiss for Mootness, ECF No. 22, be **GRANTED**, and that Defendants' Motion to Dismiss under Rule 12(b)(6), ECF No. 15, be **DENIED AS MOOT**.

The court further recommends that this case be **DISMISSED WITHOUT PREJUDICE**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on September 22, 2026.

Peter Bray
United States Magistrate Judge